UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Joseph H. Rodriguez |
| | : | Criminal No. 21-493 |
| v. | : | |
| | : | OPINION |
| JOSEPH C. LONG, JR. | : | |

This matter comes before the Court by way of Letter Memorandum of Defendant Joseph Long ("Long") for release pending sentencing pursuant to 18 U.S.C. §3143(a). The Court has considered written submissions of the parties, including the Appendix A &B of the Defendant's submission, and for reasons that follow will deny the motion for release.

For several months in late 2019, Long was the subject of surveillance by a task force comprised of various Local, State and Federal agencies.  On January 15, 2020, Camden County Law Enforcement officers executed a no-knock search warrant at Long's Bellmawr, New Jersey residence. The officers found cocaine and drug paraphernalia.  Long was arrested and charged in a federal criminal complaint with two-counts of 21 U.S.C. §§841(a)(1) and (b)(1)(C). On March 24, 2022, Long entered a plea of guilty to Count One of the Indictment, possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  Long's sentencing hearing is scheduled for July 26, 2022.

Long argues that his personal health circumstances, coupled with his young son's extensive health problems and need for care, warrant release pending sentencing

pursuant to 18 U.S.C. §3143(a).  In support of his motion, Long proposes several conditions of release which mitigate concerns about risk of flight or dangerousness. Long further argues that the Court has not had an opportunity at previous bail hearings to weigh the various medical issues he and his family are navigating.  In Appendix A of his submission, he offers numerous medical records in support of this consideration.

Because Long has been convicted of violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), his motion for bail is governed by 18 U.S.C. § 3143(a)(2). The provision states:

> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless--
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C.A. § 3143(a)(2). Under this statute, Long bears the burden of demonstrating by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community. *Id., see also United States v. Strong*, 775 F.2d 504, 505 (1985); *United States v. Giampa*, 904 F. Supp. 235, 356-60 (D.N.J. 1995).

Long's criminal record reveals that he is a multiple recidivist. As the Government correctly notes, the only "breaks" in Long's criminality occur when he is incarcerated. This pattern has endured since 2004. Prior to 2004, Long was a juvenile offender four times over.  In sum, Long has been convicted of multiple drug offenses, including the instant offense, and possession of a firearm offenses.  Standing alone, drug trafficking falls within the meaning of danger as contemplated by the Bail Reform Act. *See United*

*States v. Perry*, 788 F.2d 100, 111 (3d Cir. 1986) (danger to the community arises from the likelihood that the defendant will, if released, commit a federal offense).

Long also has multiple convictions for violent acts including aggravated assault with bodily injury, aggravated assault by pointing a firearm at another, and terroristic threats. He has attempted to evade police, and has been convicted of providing false information to authorities and interfering with the police.  Long currently has charges pending in the Superior Court of New Jersey which include attempted murder, unlawful possession of a handgun, and possession of burglary tools.

Significantly, Long committed the instant drug offense while he was on pretrial release for the above-referenced attempted murder and firearm charges.  His criminal record further demonstrates that he has little regard for pre-trial constraints.  According to the Pre-Trial Services Report, at least 10 prior bench warrants have been issued against him based on his failure to appear in court.  The instant offense coupled with Long's criminal history expose him to the potential of a lengthy term of imprisonment.

The record reflects that Long himself has medical issues and that his three year old son has endured multiple serious health related procedures and seemingly requires constant care.  But Long knew of the challenges his son, and his family, faced prior to his January 2020 arrest.  That reality did not subvert Long's criminal activity then and, despite his assurance, it provides no incentive for Long to be compliant with any terms of release now.  Long's lengthy criminal record and his demonstrated disregard for pre-trial restraints are fatal to his assurance that the imposition of his proposed restraints— even with additions— would ensure his attendance and assuage the Court's concerns about dangerousness.

3

In short, Long has not demonstrated by clear and convincing evidence that he does not pose a flight risk or a danger to the community. As such, his application for release pursuant to 18 U.S.C. §3143(a) will be denied.

An appropriate Order shall issue.


Dated: May 12, 2022                                    /s/ Joseph H. Rodriguez
                                                       HON. JOSEPH H. RODRIGUEZ,
                                                       United States District Judge